UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------

AXIS CONSTRUCTION CORP.,

                Plaintiff**,**

      -vs-                                      Civil Action No.: 2:20-CV-01125

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT AND STATE NATIONAL
INSURANCE COMPANY,

                Defendants.
-------------------------------------------------------------

## **DEFENDANT TRAVELERS INDEMNITY COMPANY OF CONNECTICUT'S OPPOSITION AND CROSS MOTION FOR SUMMARY JUDGMENT**

Defendant Travelers Indemnity Company of Connecticut ("Travelers"), by and through its undersigned counsel, Keane & Associates, hereby submits its Opposition and Cross Motion for Summary Judgment. For the reasons that follow, the Motion for Summary Judgment filed on behalf of Plaintiff, Axis Construction Corp. ("Axis"), should be denied and instead judgment should enter in Travelers' favor.

**I.**     **Introduction**

In the Motion for Summary Judgment, Axis seeks coverage under a policy issued by Travelers to American Wood Installers, Inc. ("AWI") in connection with an underlying bodily injury claim. Axis was the general contractor for a project and contracted with AWI to perform Millwork and ABC Contracting Co., Inc. ("ABC") to handle flooring. The claimant, AWI's employee, was injured allegedly as a result of defectively installed flooring as part of the project.

Axis' defense has been accepted by the flooring subcontractor's insurer. Axis nonetheless seeks coverage from AWI's insurer, Travelers, *for a defect in flooring* at the construction site, an

aspect of the construction project wholly divorced from any work performed by AWI, *the Millwork contractor*.

As set forth below, Travelers has no duty to defend Axis as to the underlying action. That is because the allegations fall well outside of any additional insured coverage provided under the Travelers policy. Further, the claimant in the underlying action seeks to hold Axis liable for its own, independent acts of negligence or those of its flooring subcontractor and therefore additional insured coverage is not triggered for Axis under the Travelers Policy. Finally, even if Travelers has a duty to defend, Travelers' coverage obligation is excess over that coverage already being provided by the flooring subcontractor's insurer.

**II.     Background**

    **A.     The Underlying Action**

Axis filed this action against Travelers and SNIC seeking a declaration requiring Travelers and SNIC to defend and indemnify Axis in the underlying New York state court action (the "Underlying Action") brought by Peter Filippone ("Filippone"), in which Filippone alleges that Axis was the general contractor of a construction project (the "Project"), located at 3635 Express Drive North, Islandia, New York (the "Premises"). (Pl's Local R. 56.1 Statement at ¶1). In the Underlying Action, Filippone alleges that Axis was the general contractor of a construction project (the "Project"), located at 3635 Express Drive North, Islandia, New York (the "Premises"), and that while working for his employer, AWI, Filippone allegedly tripped over improperly installed Masonite flooring and allegedly sustained personal injuries on or about January 19, 2017. Filippone alleges he "was caused to sustain personal injury do to an unsafe, hazardous, dangerous, defective and/or trap like condition." (Travelers Local R. 56.1 Statement at ¶23). This, more particularly, was "an unsafe, hazardous, dangerous, improper flooring and/or protective flooring

and/or masonite sheets laid to protect floor during construction located at the above-mentioned location." (Id. at ¶24). It is further alleged that "AXIS, managed, controlled, supervised, repaired, maintained, inspected and made special use of the aforesaid premises in a condition which invited physical injury therein" and "which was dangerous to all persons lawfully thereat." (Id. at ¶24).

AWI, as a Millwork[1] contractor, had no responsibility, contractual or otherwise, with respect to the *flooring* at the project. (Pl's Local R. 56.1 Statement at ¶14). While the work performed by AWI consisted of Millwork, ABC, SNIC's insured, was responsible for, oversaw, and performed the installation of the allegedly improperly installed Masonite flooring at issue in the Underlying Action. Further, Axis, as the general contractor, retained responsibility for the overall safety of the worksite.

Axis represents that it has reached a settlement with SNIC regarding SNIC's duty to defend. (MOL to MSJ at p. 1, n. 1).

**B.     The Contracts**

Axis entered into an agreement with the owner, DNC Gaming Management in Suffolk, LLC as the general contractor for the Project. ("Prime Contract"). Axis, as general contractor, and AWI, as subcontractor, entered a contract whereby AWI was to provide "Phase One Millwork (Fabricated and Delivered by BGI Millwork)" for the Project. (Pl's Local R. 56.1 Statement at ¶ 15 (Kraus Dec., Exh. 6 at p. 20)).

The AWI Contract provides in pertinent part as follows:

Article 4 Contractor

§4.1 Services Provided by the Contractor

§4.1.1 The Contractor shall cooperate with the Subcontractor in scheduling and performing the Contractor's Work to avoid conflicts or interference in the Subcontractor's Work and shall expedite written responses to submittals made by

---
[1] Millwork is any type of woodwork that is produced in a mill like molding and trim.

> the Subcontractor in accordance with Section 5.1 and Article 6. . . . The Contractor shall promptly notify the Subcontractor of subsequent changes in the construction and submittal schedules and additional scheduling details.
>
> ***
>
> §5.4 Cleaning Up
>
> §5.4.1 The Subcontractor shall keep the premises and surrounding area free from accumulation of waste materials or rubbish caused by operations performed under this Subcontract. The Subcontractor shall not be held responsible for conditions caused by other contractors or subcontractors. The Subcontractor shall also recycle, reuse, remove or dispose of materials as required by the Contract Documents.
>
> ARTICLE 14 INSURANCE
>
> §14.4.2 Subcontractor's insurance shall provide that the additional insurance shall be primary and noncontributory to the insurance maintained by the additional insureds, regardless of whether the insurance maintained by the Additional Insureds or by the subs is written on a primary, excess or umbrella basis, and regardless of the premium paid for such insurance. . . .

(Travelers Local 56.1 Statement at ¶26).

Prior to January 19, 2017, Axis and ABC likewise entered into an agreement (the "ABC Subcontract") whereby ABC agreed to perform construction work on the Project, including, installation of the Masonite flooring for the Project. (Id. at ¶27). The ABC Subcontract requires that ABC "shall cause the commercial liability coverage required by the Subcontract Documents to include: (1) the Contractor, the Owner, the Architect and the Architects' consultants as additional insured for claims caused in whole or in part by the Subcontractor's negligent acts or omissions during the Subcontractor's operation[.]" (Id.)

### C. The Travelers Policy

The Travelers Policy generally provides coverage for sums the insured becomes legally obligated to pay as damages as a result of "bodily injury" caused by an "occurrence." (Travelers Local R. 56.1 Statement at ¶30).

Notably, the Travelers Policy provides as follows:

4

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

It further provides, by endorsement, in pertinent part as follows:

1. WHO IS AN INSURED – (Section II) is amended to include any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but:

    a) Only with respect to liability for "bodily injury", "property damage" or "personal injury"; and

    b) If, and only to the extent that, the injury or damages is caused by acts or omission of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance applies." The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

***

3. The insurance provided to the additional insured by this endorsement is excess over any valid and collectible "other insurance", whether primary, excess, continent or on any other basis, that is available to the additional insured for a loss we cover under this endorsement. However, if the "written contract requiring insurance" specifically requires that this insurance apply on a primary basis or a primary and non-contributory basis, this insurance is primary to "other insurance" available to the additional insured which covers that person or organization as a named insured for such loss, and we will not share with that "other insurance", whether primary , excess, contingent or on any other basis, that is available to the additional insured when that person or organization is an additional insured under such "other insurance".

(Pl's Local R. 56.1 Statement at ¶ 19).

**D. The SNIC Policy**

SNIC issued to ABC a policy of commercial liability insurance bearing policy number CTM1600010 with effective dates of 1/26/2016 to 1/26/2017 (the "SNIC Policy"). (Travelers Local Rule 56.1 Statement at ¶ 30). The SNIC Policy provides in pertinent part as follows (PSG-007, PSG-041):

ENDORSEMENT # 3

BLANKET ADDITIONAL INSURED

It is agreed that this Policy shall include as additional Insureds any person or organization to whom the Named Insured has agreed by written contract to provide coverage, but only with respect to operations performed by or behalf of the Named Insured and only with respect to occurrences subsequent to the making of such written contract.

THE INCLUSION OF AN ADDITIONAL INSURED SHALL BE SUBJECT TO ALL OTHER TERMS AND CONDITIONS CONTAINED IN THIS POLICY.

ENDORSEMENT # 18

PRIMARY AND NON-CONTRIBUTORY
Where required by written contract, it is agreed that this policy shall be primary to any insurance carried by an additional insured, and any insurance carried by such additional insured shall not be called upon to contribute to any claim covered under this policy, provided that the claim arises directly from work performed by the Named Insured or others working directly on behalf of the Named Insured and provided further that the "occurrence" that gives rise to such claim happened subsequent to the execution of the written contract.

It is warranted that whenever the Named Insured has agreed by written contract to be primary to any insurance carried by an additional insured, the Named Insured will require by written contract that the Commercial General Liability policy of any contractor or subcontractor of the Named Insured will be primary to any insurance carried by the Named Insured and that the Named Insured's Commercial General Liability policy shall not be called upon to contribute to any claim covered under any policy of such contractor or subcontractor.

(Id. at ¶31).

## III. Legal Standard

### A. Summary Judgment

In cases involving cross-motions for summary judgment, "the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Coutard v. Mun. Credit Union*, 848 F.3d 102, 114 (2d Cir. 2017) (quoting *Schwabenbauer v. Bd. of Educ.*, 667 F.2d 305, 314 (2d Cir. 1981)). A "court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008)). Accordingly, the court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

### B. Duty To Defend

An insurer has a duty to defend its insured against a third party's claims "whenever the allegations in [the third party's] complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy." *Fieldston Prop. Owners Ass'n, Inc. v. Hermitage Ins. Co.*, 16 N.Y.3d 257, 264, 920 N.Y.S.2d 763, 945 N.E.2d 1013 (2011). Nevertheless, "unsubstantiated speculation" about facts that may be alleged or adduced in the underlying litigation does not trigger a duty to defend. *RSUI Indem. Co. v. RCG Grp. (USA),* 890 F. Supp. 2d 315, 331 (S.D.N.Y. 2012), aff'd, 539 F. App'x 3 (2d Cir. 2013); s*ee also Stamford Wallpaper Co. v. TIG Ins.*, 138 F.3d 75, 81 (2d Cir. 1998); *Transportation Ins. Co. v. Hugo Neu & Sons, Inc*., 233 A.D.2d 234, 234, 650 N.Y.S.2d 112 (1st Dep't 1996). Furthermore, the duty to defend cannot be imposed "through a strained, implausible reading of the complaint that is linguistically conceivable but tortured and unreasonable." *Century 21, Inc. v. Diamond State Ins. Co*., 442 F.3d 79, 83 (2d Cir. 2006). Rather, the duty to defend is triggered only if there is a "reasonable possibility of recovery" under the policy. Fieldston, 16 N.Y.3d at 264, 920 N.Y.S.2d 763, 945 N.E.2d 1013.

In determining whether there is a duty to defend, a court must compare the terms of the insurance policy to the allegations in the underlying litigation. *See Century 21*, 442 F.3d at 83; *Cook*, 7 N.Y.3d at 137. To do so, the court may consider materials filed in the underlying litigation, including the allegations within the four corners of the underlying complaint and formal submissions on the case's docket sheet, such as responsive pleadings and discovery reports. *Northville Indus. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 89 N.Y.2d 621, 635, 657 N.Y.S.2d 564, 679 N.E.2d 1044 (1997). The court may also consider any other facts within the knowledge of the insurer. Most importantly, "the analysis depends on the facts which are pleaded" in the litigation, not on "conclusory assertions" in the complaint or other documents. *Allstate Ins. Co. v. Mugavero*, 79 N.Y.2d 153, 162, 581 N.Y.S.2d 142, 589 N.E.2d 365 (1992). The policyholder bears the initial burden of showing that the insurance policy covers the claims at issue. *Morgan Stanley Grp. Inc. v. New England Ins. Co.*, 225 F.3d 270, 276 (2d Cir. 2000).

## IV. Law and Argument

### A. Travelers Has No Duty To Defend Axis

Plaintiff's Motion for Summary Judgment rests entirely upon the Claimant's status as an employee of AWI at the time of the alleged injury. (MOL to MSJ at pp. 12-13). However, apart from the self-serving legal conclusions asserted by Axis, which are insufficient to trigger a duty to defend, Axis has failed to point to the facts plead or within the knowledge of Travelers triggering a reasonable possibility of coverage. That is because Axis seeks coverage from AWI's insurer, Travelers, *for a defect in flooring* at a construction site, an aspect of the construction project wholly divorced from any work performed by AWI, *the Millwork contractor*.[2] In this respect, the Underlying Action falls well outside of any additional insured coverage provided under the

---

[2] It is again notable that Axis is now appropriately being defended by SNIC, the insurer for the floor contractor.

Travelers Policy. Because the Claimant in the Underlying Action seeks to hold Axis liable for its own, independent acts of negligence in maintaining a safe worksite, additional insured coverage is not triggered for Axis under the Travelers Policy. Accordingly, Travelers is entitled to judgment as a matter of law that it has no duty to defend Axis in connection with the Underlying Action.

The Travelers Policy contains the endorsement entitled Blanket Additional Insured (Contractors) (CG D2 48 08 05), which provides, in part, as follows:

> 1. WHO IS AN INSURED - (Section II) is amended to include any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but:
>
>    a) Only with respect to liability for "bodily injury", "property damage" or "personal injury"'; and
>
>    b) **If, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance" applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization**.

(emphasis added).

New York Courts have interpreted endorsement of the kind to provide coverage only where the underlying complaint seeks to hold the potential additional insured vicariously liable for the negligence of the named insured. *Tishman Tech. Corp. v. Travelers Indem. Co.,* 161 A.D.3d 517, 518, 76 N.Y.S.3d at 164 (N.Y. App. 1st Dept. 2018) (finding no duty to defend absent claims of vicarious liability); *see also Aspen Specialty v. Ironshore Indem.,* 144 A.D.3d 606 (N.Y. App. 1st Dept. 2018) (noting that policy provided coverage "only to the extent [the additional insured] is held liable for [the named insured's] acts or omissions,'" which language 'suggests[s] that the wrongful conduct of the named insured must provide the basis for the imposition of liability on the additional insured'") (citing *Burlington Ins. v. NYC Tr. Auth*., 132 A.D.3d 127, 137 (1st Dept.

2015)); *Fireman's Fund Ins. v. Travelers Cas. Ins. Co.*, 2017 WL 2152583, *2 (N.Y. Sup. N.Y. County May 15, 2017) (finding no duty to defend where liability would necessarily arise out of potential additional insured's own "independent acts or omissions"). In this manner, additional insured coverage is available under this Blanket Additional Insured endorsement **only if Axis is being held liable for AWI's wrongful conduct**. *Tishman Tech.*, 161 A.D.3d at 519 (finding no coverage available as an additional insured); *Burlington*, 132 A.D.3d at 137. To trigger the duty to defend, the underlying pleadings or other facts known must demonstrate that AWI's wrongful conduct caused the incident for which Axis is alleged to be vicariously liable. *Id.*; *Mugavero*, 79 N.Y.2d at 162 (holding "the analysis depends on the facts **which are pleaded**" in the litigation, not on "conclusory assertions" in the complaint or other documents) (emphasis added)).

"Applying these principles, New York courts have generally held that additional-insured provisions **do not** cover claims by an employee of the named insured for an injury caused by a dangerous condition on premises controlled by an additional insured." *Ohio Sec. v. Travelers Indem.*, 2021 WL 797670, *3 (S.D.N.Y. Mar. 1, 2021) (emphasis added) (citing *Pioneer Cent. v. Preferred Mut.*, 86 N.Y.S.3d 364, 366 (App. Div. 2018) (finding under nearly identical circumstances that insurer had no duty to defend)). The mere fact of an individual's employment by the named insured **is not enough** to raise a reasonable possibility that the named insured's acts or omissions caused the injury. *Id.* at *5 (construing *Hanover Ins. v. Philadelphia Ins.*, 73 N.Y.S.3d 549, 550 (App. Div. 2018) and *Pioneer Cent.*, 86 N.Y.S.3d 364, 366 (App. Div. 2018)). Notably, in *Ohio Security*, the Court found under nearly identical circumstances and policy language that the insurer had no duty to defend in connection with claims asserted by the named insured's employee.

Here, much as in *Ohio Security*, Axis cannot point to allegations within the pleadings or facts within the knowledge of Travelers that created a reasonable possibility that an act or omission of AWI, and not Axis or its subcontractors, contributed to, much less proximately caused, the alleged injury.

At the outset, AWI is not a defendant in the Underlying Action. In this respect, the Underlying Complaint plainly and unambiguously seeks to hold Axis liable for its own independent acts or omissions as the general contractor responsible for the condition of the subject worksite. While Axis claims that its own self-serving third-party complaint somehow forms the basis for coverage, that is simply not the case. Finally, Axis has not and cannot point to other facts known to Travelers which demonstrate that AWI's wrongful conduct was the cause of the Claimant's injury as is required to trigger the duty to defend. In this respect, Axis relies upon the mere fact that the Claimant was AWI's employee without any further basis for finding that AWI was somehow at fault.

As noted above, Filippone alleges he "was caused to sustain personal injury do to an unsafe, hazardous, dangerous, defective and/or trap like condition." (Travelers Local R. 56.1 Statement at ¶23). This, more particularly, was "an unsafe, hazardous, dangerous, improper flooring and/or protective flooring and/or Masonite sheets laid to protect floor during construction located at the above mentioned location." (Id. at ¶24). AWI, as a Millwork contractor, had no responsibility, contractual or otherwise, with respect to the *flooring* at the project. (Id. at ¶25). Rather, the work performed by AWI consisted of Millwork. *Id*. For that reason, the Underlying Action clearly seeks to hold Axis liable for its own acts and omissions as the general contractor.

Additionally, in its motion, Axis cites no fact within the knowledge of Travelers indicating that AWI's wrongful conduct caused the alleged injury and generally points to the employment

11

relationship between AWI and the Claimant. However, the Blanket Additional Insured Endorsement in the Travelers Policy provides coverage only to the extent the wrongful conduct of Axis is the basis for liability. *Aspen Specialty*, 144 A.D.3d at 607 (quoting *Burlington*, 132 A.D.3d at 137). Having neither facts pled nor facts known to Travelers to support its request for declaratory relief, Axis rests its entire argument on its own insured's self-serving Third-Party Complaint, which was filed by defense counsel retained on its behalf. Again, the Third-Party Complaint is comprised entirely of legal conclusions and conclusory statements. (Pl's Local R. 56.1 Statement at ¶¶8-10). Legal conclusions alone, however, are not enough to create a reasonable possibility of coverage to trigger a duty to defend because such conclusions are not facts. *Mugavero,* 79 N.Y.2d at 162; *see also Shriver Ins. Agency v. Utica Mutual Ins. Co*., 323 Ill.App.3d 243, 247-251 (Ill. App. 2001).

Based upon the foregoing, Axis can point to no factual allegations in the pleadings that Travelers' named insured, AWI (*a Millwork subcontractor*), proximately caused or contributed to, in whole or in part, a defect in flooring and the resulting incident giving rise to the Underlying Action. Similarly, Axis has failed to identify any fact within the knowledge of Travelers that created a possibility of coverage for Axis under the Travelers Policy. Accordingly, the Court should deny Axis' motion and grant summary judgment in favor of Travelers upon a finding that Travelers has no duty to defend.

**B. Axis' Reliance On Alleged Labor Law Violations Is Misplaced**

In the Motion, Axis argues that without support that because Filippone asserts claims for violations of the New York Labor Law, his claims must stem from AWI's acts or omissions. (MOL to MSJ at pp. 12-13). "But that is neither true as a general matter nor consistent with the allegations in the complaint." The provisions of the New York Labor Law that Filippone relies on impose

nondelegable duties on property owners and contractors to maintain safe premises. "A property owner's liability under these provisions is primary, not derivative of negligence by a contractor or subcontractor." *Ohio Sec.*, 2021 WL 797670, at *4 (citations omitted). In support of those claims, Filippone "repeats and re-alleges the other factual allegations of the Complaint-that is, the allegations of negligent primary conduct by the first-party defendants." *Id.*; (Travelers Local R. 56.1 Statement at ¶¶21-25). Thus, Axis' "potential liability in the underlying is for [its] own independent acts or omissions." *Ohio Sec.*, 2021 WL 797670, at *4 (quoting *Tishman*, 76 N.Y.S.3d at 164). Nothing in the Complaint even hints at a claim based upon negligence by AWI. Accordingly, Axis' argument regarding New York Labor Law claims is baseless and should be rejected.

### C. Even If Travelers Otherwise Has A Duty To Defend, Its Coverage Is Excess Over And Does Not Contribute To The SNIC Policy Thereby Relieving Travelers Of Any Defense Obligation

It is beyond dispute that Axis is being fully defended by SNIC, ABC's insurer, in connection with the Underlying Action. The Travelers Policy plainly and unambiguously provides that its coverage is excess over and will not share with "other insurance" of the kind that is available to Axis as an additional insured. Because Travelers' coverage is excess, it has no obligation to defend. Accordingly, summary judgment should enter in Travelers' favor in this respect as well.

Under New York law, "[w]here the same risk is covered by two or more policies, each of which was sold to provide the same level of coverage (as is the case here), priority of coverage (or, alternatively, allocation of coverage) among the polices is determined by comparison of their respective 'other insurance clauses.'" *Sport Rock Int'l v. Am. Cas. Co.*, 65 A.D.3d 12 (1st Dep't

2009); *see also Holbrook Realty v. Peerless Ins.*, 2019 WL 4862073 (E.D.N.Y. Aug. 5, 2019) (finding that similar Travelers other insurance policy language rendered coverage excess).

As set forth above, the Travelers Policy provides in pertinent part as follows:

3. The insurance provided to the additional insured by **this endorsement is excess over any valid and collectible "other insurance"**, whether primary, excess, continent or on any other basis, that is available to the additional insured for a loss we cover under this endorsement. However, if the "written contract requiring insurance" specifically requires that this insurance apply on a primary basis or a primary and non-contributory basis, this insurance is **primary to "other insurance" available to the additional insured** which covers that person or organization **as a named insured** for such loss, and we will not share with that "other insurance", whether primary, excess, contingent or on any other basis, that is available to the additional insured when that person or organization is an additional insured under such "other insurance".

(Pl's Local R. 56.1 Statement at ¶19).

By contrast, the SNIC Policy acknowledges its primary and noncontributory obligation as to Axis.[3]

The foregoing policy provisions as set forth in the Travelers and SNIC Policies can and should be reconciled to give effect to both provisions. Unlike the SNIC Policy which generally states that its coverage is primary where required by written contract, the Travelers Policy expressly contemplates the scenario presented. In that respect, the Travelers Policy provides that where the "written contract requiring insurance" requires coverage provided to Axis as an

---

[3] The SNIC Policy provides as follows:

ENDORSEMENT # 18

<u>PRIMARY AND NON-CONTRIBUTORY</u>
Where required by written contract, it is agreed that this policy shall be primary to any insurance carried by an additional insured, and any insurance carried by such additional insured shall not be called upon to contribute to any claim covered under this policy, provided that the claim arises directly from work performed by the Named Insured or others working directly on behalf of the Named Insured and provided further that the "occurrence" that gives rise to such claim happened subsequent to the execution of the written contract. . . .

(Travelers Local R. 56.1 Statement at ¶ 33).

additional insured to be primary and non-contributory, the coverage is primary to that insurance provided to Axis as a named insured. However, the Travelers Policy is excess over **any** other insurance provided to Axis on any other basis, like the SNIC Policy. Furthermore, the SNIC Policy provides that its coverage is primary and non-contributory as required by written contract. The SNIC Policy otherwise contains no provision applicable to the additional insured coverage which conflicts or contradicts that of the Travelers Policy.[4] Accordingly, consistent both with the respect policy provisions and the equities, the Travelers Policy is excess.

Finally, whereas here, the Travelers Policy is excess and another insurer is defending, Travelers has no duty to defend. (Travelers Local R. 56.1 Statement at ¶31). For this reason as well, summary judgment should be granted in Travelers' favor finding Travelers has no duty to defend Axis.

**D. Because Travelers Has No Duty To Defend, It Follows That Travelers Has No Duty To Indemnify**

As set forth above, Travelers has no duty to defend. In the absence of a duty to defend, Travelers likewise has no duty to indemnify. Accordingly, judgment should further enter in Travelers' favor finding it has no coverage obligation and dismissing the case entirely.

Under New York law, the duty to defend is broader than the duty to indemnify. "It stands to reason, then, if there is no duty to defend, there can be no duty to indemnify." *EAD Metallurgical, Inc. v. Aetna Cas.*, 905 F.2d 8, 11 (2d Cir. 1990) (noting that because "the duty to defend is broader than the duty to indemnify, it is unnecessary to engage in a separate analysis of [an insurer's] independent claim that it has no duty to indemnify"); *see also Lewis & Stanzione v. St. Paul Fire*, 2015 WL 3795780, at *5 (N.D.N.Y. June 17, 2015).

---

[4] The "Other Insurance" provisions set forth in CG 00 01 10 01 of the SNIC Policy apply to "you" meaning the named insured, ABC, but would nonetheless still dictate that coverage under the SNIC Policy apply on a primary basis.

Here, as set forth above, Travelers has no duty to defend. Because the duty to defend is broader than the duty to indemnify, it follows that Travelers also has no duty to indemnify. Judgment should also enter in Travelers' favor finding it has no duty to indemnify Axis in connection with the Underlying Action.

## IV. CONCLUSION

Wherefore, based upon the forgoing, Travelers respectfully requests that Plaintiff's Motion for Summary Judgment be denied and Travelers' Cross Motion be granted.

Dated: Hartford, Connecticut
March 16, 2021

**RESPECTFULLY SUBMITTED:**

**KEANE & ASSOCIATES**

By: ___/s/Meg R. Reid_____
Meg R. Reid, Esq.
Phone : 917-778-6680
Fax: 844-571-3789
Email: mrreid@travelers.com

<u>Please address all correspondence sent by mail to:</u>
P.O. Box 2996
Hartford, CT 06104-2996

<u>Physical Address</u>:
485 Lexington Avenue, 6th Floor
New York NY 10017

*Attorneys for Defendant Travelers Indemnity Company of Connecticut*

<u>CERTIFICATION OF SERVICE</u>

I hereby certified that on March 16, 2021, a copy of the foregoing was filed with the Clerk of the Court and/or served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service upon the following parties and participants via regular mail and email:

    Matthew Kraus, Esq.
    Chartwell Law
    One Battery Park Plaza, 35th Floor
    New York, New York 10014
    *Attorneys for Axis Construction Corp.*

    Sherri N. Pavloff, Esq.
    Stonberg Moran, LLP
    505 Eighth Avenue, Suite 2302
    New York, NY 10018
    *Attorneys for State National Insurance Company*

    /s/Meg R. Reid
    Meg R. Reid