CHARTWELL LAW
1 Battery Park Plaza, Suite 710
New York, New York 10004
Attorneys for Plaintiff
AXIS CONSTRUCTION CORP.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AXIS CONSTRUCTION CORP.,                   Civil Action No:
                                            20 cv 1125 (DRH)(ARL)
                            Plaintiff,

        -against-

TRAVELERS INDEMNITY COMPANY OF
AMERICA and STATE NATIONAL
INSURANCE COMPANY,

                            Defendants.
-----------------------------------------------------------X


**AXIS CONSTRUCTION CORP'S MEMORANDUM OF LAW IN OPPOSITION TO TRAVELERS INDEMNITY COMPANY OF CONNECTICUT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF ITS MOTION FOR <u>PARTIAL SUMMARY JUDGMENT</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... iii
PRELIMINARY STATEMENT ................................................................................................ 1
ARGUMENT .............................................................................................................................. 1
    Axis Could be Vicariously Liable for AWI's Negligence, and so, Travelers' Duty to Defend has Been Implicated ................................................................................................................. 1
Conclusion .................................................................................................................................. 7

# TABLE OF AUTHORITIES

Cases

*All State Interior Demolition Inc. v. Scottsdale Ins. Co.,* 168 A.D.3d 612, [1st Dep't 2019] ........................................................................................................................... 3

*Aspen Specialty Ins. Co. v. Ironshore Indem. Inc.,* 144 A.D.3d 606 [1st Dep't 2016] ............................................................................................................................... 5

*Brown v Two Exch. Plaza Partners*, 76 NY2d 172(1990) .......................................... 2, 5

*Burlington Ins. Co. v NYC Tr. Auth.*, 29 N.Y.3d 313[2017] ........................................... 2

*City of N.Y. v. Travelers Property Cas. Co. of Am.*, 2020 N.Y. Misc. LEXIS 3392 [Sup. Ct. New York Cty., Apr. 3, 2020] ........................................................................ 2

*Fireman's Fund Ins. v. Travelers Cas. Ins. Co.,* 2017 N.Y. Misc. LEXIS 1902 [Sup. Ct., New York Cty., May 15, 2017] ................................................................... 5

*First Mercury Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 2019 N.Y. Misc. LEXIS 5872 [Sup. Ct., New York County, Oct. 29, 2019] ....................................................... 5

*Hanover Ins. Co. v. Philadelphia*, 159 A.D.3d 587 [1st Dep't 2018] ............................. 4

*Hunter Roberts Constr. Grp., L.L.C., v. Travelers Indem. Co.,* 2015 N.Y. Misc. LEXIS 3977 [Sup. Ct. New York Cty, Oct. 15, 2015] ................................................. 3

*Indian Harbor Ins. Co. v. Alma Tower, LLC,* 165 A.D.3d 549 [1st Dep't 2018] ............ 3

*Kelly v. Diesel Constr. Div. of Carl A. Morse,* .42 A.D.2d 891 (N.Y. App. Div. 1973)………………………………………………………………………………..6

*Mt. Hawley Ins. Co. v. Am. States Ins. Co*., 168 A.D.3d 558 [1st Dep't 2019] .............. 3

*O'Connor v. Lincoln Metrocenter Partners*, 266 A.D.2d 60 [1st Dep't 1999] ............... 4

*Ohio Sec. Ins. Co. v. Travelers Indem. Co.,* 19-cv-1355 (AJN), 2021 U.S. Dist. LEXIS 38292 (S.D.N.Y., March 1, 2021) ...................................................................... 5,6

*Page v. La Buzzetta*, 73 A.D.2d 483, N.Y.S.2d 597 [3d Dep't 980]………………………………………………………………………………..6

*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343 [1998] .......................................... 2,6

*Rocovich v. Consolidated Edison* Co., 78 N.Y.2d 509 (1991) ....................................... 5

*Sanchez v. 404 Park Partners, LP*, 168 A.D.3d 491 [1st Dep't 2019] .......................... 4

*Tishman Tech. Corp. v. Travelers Indem. Co.,* 161 A.D.3d 517 [1st Dep't 2018] ......... 4

*Travelers Prop. Cas. Co. of Am. v. Harleysville Ins. Co. of N.Y.,* 2020 N.Y. Misc.
LEXIS 2580 [Sup. Ct., New York Cty., June 5, 2020] ................................................................ 3

*Turner Constr. Co. v. Navigators Ins. Co.,* Index 157322/13, 2015 N.Y. Misc.
LEXIS 2704 [Sup. Ct. New York Cty., July 23, 2015] ................................................................ 2

*Wilson Cent. School Dist. v Utica Mut Ins. Co.*, 123 AD3d 920 [2d Dept 2014] ........................ 2

*Zimmer v. Chemung County Performing Arts, Inc.*, 65 N.Y.2d 513 [1985] ................................ 2

**Statutes**

New York Labor Law
§ 240…………………………………………………………….,……………..………….passim
New York Labor Law
§ 241……………………………………………………………………………….………..passim

# PRELIMINARY STATEMENT

Plaintiff Axis Construction Corp. ("Axis") respectfully submits this memorandum of law: (i) in further support of its motion for an Order, pursuant to Fed. R. Civ. P. 56, declaring that Travelers Indemnity Company of Connecticut i/s/h/a as Travelers Indemnity Company of America ("Travelers") has a duty to defend Axis in the underlying personal injury action commenced by Peter Filippone (the "Filippone Action") on a sole primary and noncontributory basis; and (ii) in opposition to Travelers' cross-motion for summary judgment for a declaration that Travelers has no duty to defend Axis in the Filippone Action.[1]

Travelers' multiple admissions in its moving papers indisputably confirm that it has breached its duty to defend Axis. Travelers has conceded that Axis and AWI executed the AWI Subcontract prior to Filippone's accident and that the AWI Subcontract required AWI to procure general liability insurance on Axis' behalf. Given that Filippone's claims against Axis is based, in part, on Axis' vicarious liability under Labor Law Sections 240 and 241 and that Axis' third-party complaint alleges that AWI's negligence was a proximate cause of the accident, Travelers' duty to defend Axis under the Travelers' Policy has been implicated.

# ARGUMENT

### Axis Could be Vicariously Liable for AWI's Negligence, and so, Travelers' Duty to Defend has Been Implicated

The Travelers Policy's additional insured endorsement affords coverage for "'bodily injury' … caused by acts or omissions of [AWI] or [AWI's] subcontractors in the performance of 'your work'", with the exception of the additional insureds' "independent acts or omissions…." (*See* Declaration of Matthew Kraus in Support of Motion for Partial Summary Judgment, dated

---

[1] Axis is using the same terms as defined in its moving papers.

1

February 8, 2021 ["Kraus Dec"], Exh. 9). New York courts have ruled that analogous endorsements are intended to provide coverage for an additional insured's vicarious liability and to prevent coverage for the additional insured's sole negligence. *See Burlington Ins. Co. v NYC Tr. Auth.*, 29 N.Y.3d 313, 326 [2017]; *Wilson Cent. School Dist. v Utica Mut Ins. Co.*, 123 AD3d 920, 921 [2d Dept 2014]. Coverage is triggered where the additional insured may be vicariously liable to the plaintiff as a result of the named insured's work. *See City of N.Y. v. Travelers Property Cas. Co. of Am.*, 2020 N.Y. Misc. LEXIS 3392 [Sup. Ct. New York Cty., Apr. 3, 2020] (holding that insurer had a duty to defend the additional insured since it could not prove the underlying accident did not result, entirely or partially, from its named insured's acts or omissions); *see also Turner Constr. Co. v. Navigators Ins. Co.,* Index 157322/13, 2015 N.Y. Misc. LEXIS 2704 [Sup. Ct. New York Cty., July 23, 2015] (holding that to the extent that the court cannot rule that Turner's independent acts or omissions caused the accident, Travelers has a duty to defend Turner as an additional insured). Accordingly, if Axis' is vicariously liable for AWI's negligence, Travelers' duty to defend Axis is implicated.

There cannot be any dispute that Axis' potential liability in the Filippone Action is based, in part, on its vicarious liability. Filippone's amended complaint asserts claims against Axis for violating Labor Law §§ 240(1) and 241(6) (*See* Kraus Dec., Exh. 2). New York courts have ruled that the owner and contractors are subject to vicarious liability under those statutes irrespective of whether they exercised due care and without reference to principles of negligence. *See Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *see also Zimmer v. Chemung County Performing Arts, Inc.*, 65 N.Y.2d 513, 524-25 [1985]. Liability for violations of §§ 240(1) and 241(6) is not predicated on fault and may be imposed on an owner or contractor because of the statutes' absolute liability provisions. *See Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179

[1990]. Given that the amended complaint asserts claims against Axis under §§ 240(1) and 241(6), Axis' potential liability to Filippone is vicarious. *See Hunter Roberts Constr. Grp., L.L.C., v. Travelers Indem. Co.,* 2015 N.Y. Misc. LEXIS 3977 [Sup. Ct. New York Cty, Oct. 15, 2015] ("In view of the fact that the amended complaint seeks recovery under Labor Law §§ 240 (1) and 241(6) … [Defendants'] alleged liability is vicarious").

The evidentiary record also confirms that Travelers has actual knowledge that the accident was caused by AWI's negligence. The third-party complaint unambiguously asserts that AWI's acts or omissions were the proximate cause of the accident. (*See* Kraus Dec., Exh. 3, ¶ THIRTY-SIXTH). It alleges that AWI's carelessness, recklessness, and/or negligence "was the proximate cause, and/or a significant contributing factor" of Filippone's accident and seeks contractual and common law indemnification and contribution from AWI. Moreover, in his amended complaint and bill of particulars, Filippone admitted that the accident occurred during the course of his employment for AWI. (*See* Kraus Dec., Exhs. 2, ¶ 124 & 6, ¶ 7). And, the Subcontract required AWI to take reasonable safety precautions for its employees at the Project. (*See* Kraus Dec., Exhs. 8 & 9, §5.3 & 5.3.1). Given that Travelers has actual knowledge that the accident was caused by AWI's negligence, its duty to defend Axis has been implicated. *See Mt. Hawley Ins. Co. v. Am. States Ins. Co*., 168 A.D.3d 558 [1st Dep't 2019] (holding that the insurer owed a duty to defend the additional insured where the sole allegation of negligence against the named insured was made in the additional insured's third-party complaint); *see also All State Interior Demolition Inc. v. Scottsdale Ins. Co.,* 168 A.D.3d 612, 613 [1st Dep't 2019]; *Indian Harbor Ins. Co. v. Alma Tower, LLC,* 165 A.D.3d 549 [1st Dep't 2018]; *Travelers Prop. Cas. Co. of Am. v. Harleysville Ins. Co. of N.Y.,* 2020 N.Y. Misc. LEXIS 2580, at *14 [Sup. Ct., New York Cty., June 5, 2020] ("[a] duty

to defend has been based on the allegations in third party complaints alleging negligence and seeking indemnification and contribution from the named insured.").

Travelers' position that AWI's acts or omissions could not have been a proximate cause of the accident since AWI was not named a direct defendant in the Filippone Action is unavailing. Filippone was AWI's employee, and so, is prohibited by New York Workers' Compensation Law from asserting direct claims against AWI. *See* N.Y. Workers' Comp. Law § 11. In any event, the amended complaint alleges that Axis was not only liable for its acts, but for the acts of others. It avers that Axis was the general contractor and that Axis hired AWI as a subcontractor. (Kraus Dec. Ex. 2, ¶¶ 125, 126). It specifically alleges that the occurrence "was caused by and due to the negligence of the Defendants, their agents, servants and/or employees." (Kraus Dec. Ex. 2, ¶¶ 218 & 222). AWI, as a subcontractor of Axis, was Axis' "agent, servant or employee", as those terms are defined in the Labor Law. *See Sanchez v. 404 Park Partners, LP*, 168 A.D.3d 491 [1st Dep't 2019]; s*ee also O'Connor v. Lincoln Metrocenter Partners*, 266 A.D.2d 60 [1st Dep't 1999]. Therefore, the amended complaint cannot be interpreted as seeking to hold Axis liable for its own independent negligence.

Travelers' reliance on *Hanover Ins. Co. v. Philadelphia*, 159 A.D.3d 587 [1st Dep't 2018] and *Tishman Tech. Corp. v. Travelers Indem. Co.,* 161 A.D.3d 517 [1st Dep't 2018] is unavailing In *Hanover,* the underlying personal injury action centered a trip and fall accident and the injured plaintiff did not assert Labor Law claims against the putative additional insured. *Tishman* involved a property damage claim against the putative additional insured where no Labor Law violations were alleged.[2] Given that neither of those matters involved scenarios in which the putative

---

[2] Copies of the underlying complaints in *Hanover* and *Tishman* are annexed to Reply Declaration of Matthew Kraus in Further Support of the Motion for Partial Summary Judgment and in Opposition to Travelers' Cross Motion, dated April 26, 2021 ["Kraus Reply Dec"]) as Exhibits "1" and "2".

additional insureds could have been vicariously liable for the named insured's negligence, the Appellate Division, First Department, properly ruled that neither was entitled to a defense.

*Aspen Specialty Ins. Co. v. Ironshore Indem. Inc.,* 144 A.D.3d 606 [1st Dep't 2016] also does not support Travelers' position. In that matter, the Appellate Division, First Department held that the Ironshore had a defense obligation to the additional insured even though the additional insured endorsement required that loss be "caused by" the named insured's acts or omissions. *Fireman's Fund Ins. v. Travelers Cas. Ins. Co.,* 2017 N.Y. Misc. LEXIS 1902 [Sup. Ct., New York Cty., May 15, 2017] actually undercuts Travelers' position. The court specifically noted that the same additional insured endorsement at issue here "has been construed as providing additional insured coverage where the alleged liability of the prospective additional insured is vicarious." While the court ultimately ruled that Travelers had no duty to defend the putative additional insured, the basis of its holding was that the injured plaintiff withdrew all Labor Law causes of action with prejudice. *Id.* at *2, n. 1.

*Ohio Sec. Ins. Co. v. Travelers Indem. Co.,* 19-cv-1355 (AJN), 2021 U.S. Dist. LEXIS 38292 (S.D.N.Y., March 1, 2021) does not aide Travelers' arguments. In finding that the putative additional insured was not entitled to coverage for Labor Law claims, the court erroneously reasoned that "a property owner's liability under [the Labor Law] provisions is primary, not derivative of negligence by a contractor or subcontractor." *Id*. at * 11. That holding is at completely at odds with long standing New York law, which provides that Labor Law §§240 and 241 (6) "can each impose vicarious liability on an owner and general contractor for injuries resulting solely from the conduct of their subcontractors." *First Mercury Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 2019 N.Y. Misc. LEXIS 5872, * 9 [Sup. Ct., New York County, Oct. 29, 2019], *citing Rocovich v. Consolidated Edison* Co., 78 N.Y.2d 509 [1991]; *Brown v Two Exch.*

5

*Plaza Partners*, 76 NY2d 172; *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d at 352. Here, Axis is liable for AWI's acts and omissions at the Project. Given that *Ohio Sec. Ins. Co.* wildly departs from the applicable law, the decision is dubious.[3]

Even assuming that *Ohio Sec. Ins. Co.* accurately applies the prevailing law – which it did not – this action is factually distinguishable. Travelers' putative additional insured in that case, TRV Mechanical Contractors, LLC ("TRV"), was an HVAC contractor, whereas Axis is allegedly the general contractor. (*See* Reply Kraus Reply Dec., Exh. 3) Furthermore, there is a clear causal nexus between Filippone's accident and AWI's contractual obligations to ensure the safety of its employees at the Project. Filippone tripped and fell in the area of the Project that AWI's was working in,[4] whereas in *Ohio Security*, the injured plaintiff's accident took place away from TRV's work area.[5] And finally, the evidence in this matter proves that AWI's sole acts or omissions were the proximate cause of the accident. Luis Dimuro, ABC's general labor foreman, testified that on the day of the accident, AWI was installing a column wrap/base to a column in AWI's work area. (*See* Kraus Reply Dec., Exh. 5) Dimuro testified that AWI specifically instructed ABC not to tape down the masonite boards around the column because AWI would have to move them

---

[3] The court in *Ohio Security* also mistakenly dismissed the safety duties assumed by Travelers' named insured, reasoning that duties under the Labor Law cannot be delegated. *Id*. at * 12. However, "the use of the term 'nondelegable' is applied properly not to duties that could not be delegated but to liabilities arising from the delegated duties if breached." *Kelly v. Diesel Const. Div. of Carl A. Morse, Inc*. 35 N.Y.2d 1 [1974]. Furthermore, it is well established that when safety duties are delegated to a third party, that third party obtains the concomitant authority to supervise and control the work and becomes a statutory agent of the owner or general contractor for purposes of Labor Law. *Page v. La Buzzetta*, 73 A.D.2d 483, 426 N.Y.S.2d 597 [3d Dep't 1980] (the use of the phrase "all contractor, owners and their agents" necessarily includes subcontractors in the class of those having non-delegable liability).

[4] The AWI Subcontract obligates AWI to "take reasonable safety precautions with respect to the performance of this Subcontract ... comply with safety measures initiated by [Axis] and with applicable laws, statutes, ordinances, codes, rules and regulations, and lawful orders of public authorities for the safety of persons and property in accordance with the requirements of the Prime Contract…." (Exh. 5, §5.3.1). That means that AWI was required to inspect, warn, and provide a safe environment for its employees at the Project.

[5] The accident report submitted in support of the motion in *Ohio Security* shows that the accident occurred while the underlying claimant was in transit. A copy of the accident report is attached to Kraus Reply Dec. as Exhibit 4.

to install the column wrap. (*See* Kraus Reply Dec., Exhs. 5 & 6). The clear inference is that AWI's instruction to ABC created a safety hazard to Filippone in contravention of the safety provisions of the AWI Subcontract. Since the facts pled in the amended complaint, as well as extrinsic facts, raise a reasonable possibility that AWI's own action and its failure to ensure the safety of its employees proximately caused the accident, *Ohio Security* is inapplicable.

## Conclusion

The undisputed facts and the applicable law establish that the Court must grant Axis' motion for summary judgment and declare that Travelers has a primary duty to defend Axis in the Filippone Action as to Axis, and deny Travelers motion for summary judgment in all respects.

Dated: New York, New York
April 26, 2021

**CHARTWELL LAW**

By: _____
Matthew D. Kraus (MK0621)
*Attorneys for Plaintiff*
1 Battery Park Plaza, Suite 710
New York, New York 10004
(212) 968-2300

.