UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AXIS CONSTRUCTION CORP.,

                          Plaintiff,        **MEMORANDUM AND ORDER**

 - against -                          2:20-cv-1125 (DRH) (ARL)

TRAVELERS INDEMNITY COMPANY OF
AMERICA and STATE NATIONAL
INSURANCE COMPANY,

                        Defendants.
------------------------------------------------------------X

**APPEARANCES**

**CHARTWELL LAW**
Attorneys for Plaintiff
1 Battery Park Plaza, Suite 710
New York, NY 10004
By:   Matthew D. Kraus, Esq.

**KEANE & ASSOCIATES**
Attorneys for Defendant Travelers Insurance Company of America
P.O. Box 2996
Hartford, CT 06104
By:   Meg R. Reid, Esq.

**STONBERG MORAN, LLP**
Attorneys for Defendant State National Insurance Company
505 Eighth Avenue, Suite 2302
New York, NY 10018
By:   Sherri N. Pavloff, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

     Plaintiff Axis Construction Corp. ("Axis") brought this action against

Defendants Travelers Insurance Company of America ("Travelers") and State

National Insurance Company ("SNIC" and with Travelers, "Defendants") seeking a

declaration that each Defendant owes a duty to defend and indemnify Plaintiff on a

primary and noncontributory basis in an underlying personal injury action. Presently before the Court is Axis's motion for partial summary judgment and Travelers's cross-motion for summary judgment, each pursuant to Federal Rule of Civil Procedure 56, on the issue of Travelers's duty to defend.  For the reasons below, Axis's motion is granted and Travelers's motion is denied.  Travelers has a duty to defend Axis.

## BACKGROUND

The following facts, taken from the parties' Local Rule 56.1 statements, are undisputed unless otherwise noted. (*See* Pl.'s Local Civil Rule 56.1 Statement ("Axis 56.1") [DE 27-1]; Def. Travelers's Local Rule Statement ("Trav. 56.1") [DE 28-1]; Def. SNIC Response Statement ("SNIC 56.1") [DE 29-1]; Pl.'s Reply Statement ("Axis Reply 56.1") [DE 30-1]).

### A.    The Contracts

On November 30, 2016, Axis became the general contractor of a construction project at 3635 Express Drive North, Islandia, New York (the "Project").  (Axis 56.1 ¶ 3).   Axis engaged two subcontractors for work on the project: nonparties (i) American Wood Installers ("AWI") for millwork installation, pursuant to a December 27, 2016 contract relating only to the Project, and (ii) ABC Contracting, Inc. ("ABC") for flooring installation, pursuant to an evergreen contract entered January 1, 2016.   (*Id.* ¶ 14; Trav. 56.1 ¶ 29).[1]   Each subcontract required the

---

[1]     *See* AWI Subcontract [DE 27-12], Ex. 6 to Decl. of Matthew Kraus ("Kraus Decl.") [DE 27-3]; ABC Subcontract [DE 28-3], Ex. A to Decl. of Meg R. Reid ("Reid Decl.") [DE 28-2].

subcontractor to procure commercial liability insurance coverage that included Axis as an additional insured on a "primary and noncontributory" basis "for claims caused in whole or in part by the [s]ubcontractor's negligent acts or omissions." (Axis 56.1 ¶ 16; AWI Subcontract §§ 14.4, 14.4.1, 14.4.2; ABC Subcontract §§ 14.4, 14.4.1, 14.4.2). Each subcontract also stated, "The [s]ubcontractor shall not be held responsible for conditions caused by other contractors or subcontractors." (Trav. 56.1 ¶ 28; AWI Subcontract § 5.4.1; ABC Subcontract § 5.4.1).

AWI obtained commercial general liability insurance from Defendant Travelers, effective from August 8, 2016 to August 8, 2017, with policy number CO-1G403676. (Axis 56.1 ¶ 17). The policy's "Blanket Additional Insured (Contractors)" endorsement makes Axis an additional insured "to the extent that [] injury or damage is caused by acts or omissions of [AWI] in the performance of [AWI's] work" pursuant to its subcontract with Axis. (*Id.* ¶ 19 (internal quotation marks omitted)). Travelers's policy does not insure Axis "with respect to [Axis or others'] independent acts or omissions." (*Id.*). When any "other insurance" covers Axis for the same loss that Travelers covers Axis, Travelers's coverage is "primary" if Axis is a named insured in the "other insurance" and "excess" if Axis is an additional insured therein. (Axis 56.1 ¶ 19; *see* Trav. 56.1 ¶ 28). When Travelers's insurance is excess, it has "no duty . . . to defend [Axis] against any 'suit' if any other insurer has a duty to defend [Axis] against that suit." (Trav. 56.1 ¶ 31).

ABC obtained commercial general liability insurance from Defendant SNIC, effective January 26, 2016 to January 26, 2017, with policy number CTM1600010,

that named Axis as an additional insured.  (*Id.* ¶ 32).  SNIC's duty to defend Axis is no longer in issue, their dispute has narrowed to SNIC's duty to indemnify, and neither duty is presently before the Court.  (Axis Mem. in Support at 1 n.1 ("Axis Mem.") [DE 27-2]).

### B.   The Underlying *Filippone* Action

On January 19, 2017, nonparty Peter Filippone—an AWI employee—sustained personal injuries after tripping on Masonite sheets (flooring protection) left untaped to the floor of the Project jobsite.  (Trav. 56.1 ¶ 22).  He filed a lawsuit on March 20, 2017 in New York State Supreme Court, Suffolk County against Axis, among others. (Axis 56.1 ¶¶ 1, 2; *see* Am. Compl., *Filippone v. Delaware North*, Index No. 605017/2017 (N.Y. Sup. Ct., Suffolk Cnty.) ("*Filippone* AC"), Ex 2 [DE 27-8] to Kraus Decl.).  Filippone asserts that Axis, ABC, and/or others' negligence and New York Labor Law violations created the tripping hazard that proximately caused his injuries.  (Axis 56.1 ¶ 7).  Filippone has not named his employer AWI a defendant. (*See Filippone* AC).

On June 5, 2017, Axis tendered its defense to Travelers.  (Ex. 10 [DE 27-16] to Kraus Decl.).  Travelers denied the tender on June 28, citing the absence of evidence demonstrating that the loss "arose out of [AWI's] work" and the absence of "any finding of negligence against" AWI.  (Ex. 11 [DE 27-17] to Kraus Decl.).  In particular, Travelers noted Filippone's accident involved Masonite flooring, which "was not the responsibility of" AWI.  (*Id.*)  Axis impleaded AWI and ABC in the *Filippone* Action on October 3, 2017.  (Axis ¶ 8; Third Party *Filippone* Compl., Ex. 3 [DE 27-9] to Kraus

Decl.).  Axis seeks indemnification from AWI, asserting AWI's negligence and New York Labor Law violations created the hazard and proximately caused Filippone's injuries.  (Axis ¶¶ 10–13; *see* Third Party *Filippone* Compl.).  On May 23, 2019 and August 19, 2019, Travelers adhered to its decision to deny Axis a defense.  (Axis ¶¶ 20–21).

### C.     Procedural Posture of the Present Action

Axis brought the instant case on January 13, 2020 in New York State Supreme Court, Suffolk County seeking a declaration that Travelers and SNIC owe it a defense in the *Filippone* Action.  (Notice of Removal ¶ 1 [DE 1]).  Travelers removed the case to this Court on February 28, 2020.  (*Id.*).  Axis moved for partial summary judgment on Travelers's duty to defend on January 8, 2021 and Travelers cross-moved on the same issue on March 16, 2021.  (Axis Mem.; Trav. Opp. & Cross-Mot. [DE 28]).

### LEGAL STANDARD

Summary judgment, pursuant to Rule 56, is appropriate only where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The relevant governing law in each case determines which facts are material; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When making this determination, a court must view all facts "in the light most favorable" to the non-movant, *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014), and "resolve all ambiguities and draw all permissible factual inferences in favor of

the [non-movant]," *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)). Thus, "[s]ummary judgment is appropriate [only] where the record taken as a whole could not lead a rational trier of fact to find for the [non-movant]." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)) (internal quotation marks omitted).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts demonstrating that there is a genuine dispute of material fact to be tried. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). The non-movant must present more than a "scintilla of evidence," *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting *Matsushita*, 475 U.S. at 586–87), and "may not rely on conclusory allegations or unsubstantiated speculation," *id.* (quoting *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010)).

The district court considering a summary judgment motion must also be "mindful . . . of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the "evidentiary burdens that the respective parties will bear at trial guide district courts in their determination[s] of summary judgment motions," *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). "[W]here the [non-movant] will bear the burden of proof on an issue at trial, the moving party may satisfy its burden

by pointing to an absence of evidence to support an essential element of the [non-movant's] case." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014) (quoting *Brady*, 863 F.2d at 210–11) (internal quotation marks omitted). Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish his claim, the burden shifts to the non-movant to offer "persuasive evidence that his claim is not 'implausible.'" *Brady*, 863 F.2d at 211 (citing *Matsushita*, 475 U.S. at 587). "[A] complete failure of proof concerning an essential element of the [non-movant's] case necessarily renders all other facts immaterial." *Crawford*, 758 F.3d at 486 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## DISCUSSION

The motions concern Travelers's duty to defend Axis in two respects: (I) whether the allegations in the *Filippone* Action give rise to a reasonable possibility of coverage under Travelers's policy, or whether Travelers has knowledge of facts which potentially bring the *Filippone* Action within its policy coverage, and, if so, (II) whether Travelers is nevertheless relieved of its duty to defend Axis because such coverage would be excess. Before discussing each in turn, the Court briefly addresses the governing law and New York state insurance law.

The Court's subject-matter jurisdiction exists pursuant to the parties' diversity of citizenship;[2] accordingly, the law of the forum state—New York—governs the

---

[2]      Axis is a New York corporation with a principal place of business in New York, Travelers is a Connecticut corporation with a principal place of business in Connecticut, and SNIC is a Texas corporation with a principal place of business in

choice of law over the dispute. *AEI Life LLC v. Lincoln Benefit Co.*, 892 F.3d 126, 132 (2d Cir. 2018). Because all parties apply the forum state's substantive law to the issues, "their consent concludes the choice of law inquiry." *Texaco A/S (Denmark) v. Com. Ins. Co. of Newark, NJ*, 160 F.3d 124, 128 (2d Cir. 1998) (quoting *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997)). New York state law thus governs the matter.

New York law subjects insurance agreements to the ordinary "principles of contract interpretation," "giv[ing] full meaning and effect" to all contractual provisions and construing unambiguous provisions in line with "their plain and ordinary meaning." *Burlington Ins. Co. v. NYC Transit Authority*, 29 N.Y.3d 313, 321 (N.Y. 2017) (internal quotation marks omitted); *White v. Cont'l Cas. Co.*, 9 N.Y.3d 264, 267 (N.Y. 2007). Interpretation of unambiguous insurance agreement provisions is a matter of law for the court. *Burlington Ins.*, 29 N.Y.3d at 321.

## I.   Duty to Defend

"In New York, an insurer's duty to defend is 'exceedingly broad' and distinct from the duty to indemnify." *Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 140 (2d Cir. 2014) (quoting *Auto. Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (N.Y. 2006)). "An insurer may refuse to defend 'only if it could be concluded as a matter of law that there is no possible factual or legal basis on which [the insurer] might eventually be held to be obligated to indemnify [the insured] under any provision of the insurance policy.'" *CGS Indus., Inc. v. Charter Oak Fire Ins. Co.*, 720

---

Texas. Notice of Removal ¶¶ 7–9. The amount in controversy exceeds $75,000. *Id.* ¶ 10.

F.3d 71, 82 (2d Cir. 2013) (alterations in original) (quoting *Servidone Constr. Corp. v. Sec. Ins. Co. of Hartford*, 64 N.Y.2d 419, 424 (N.Y. 1985)).  In other words, an insurer must defend an insured if a "reasonable possibility" of recovery under the policy exists pursuant to either (a) the allegations in the underlying action or (b) the insurer's actual knowledge of the facts. *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 65–66 (N.Y. 1991).  "This standard applies equally to additional insureds and named insureds." *Regal Const. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 15 N.Y.3d 34, 37 (N.Y. 2010).

An underlying complaint is "the significant and usual touchstone for determining" an insurer's duty to defend, but its allegations are not "controlling." *Fitzpatrick*, 78 N.Y.2d at 65–66.  The insurer must also consider "judicial admissions in the insured's responsive pleadings in the underlying tort action or other formal submissions in the current or underlying litigation to confirm or clarify the nature of the underlying claims."  *Northville Indus. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 89 N.Y.2d 621, 635 (N.Y. 1997).  That includes a "third-party complaint brought in the underlying action by plaintiffs herein," *i.e.*, allegations pleaded in the underlying action by the plaintiff in the coverage action.  *All State Interior Demolition Inc. v. Scottsdale Ins. Co.*, 168 A.D.3d 612, 613 (N.Y. App. Div., 1st Dep't 2019); *City of New York v. Evanston Ins. Co.*, 39 A.D.3d 153, 158, (N.Y. App. Div., 2d Dep't 2007); *New York City Transit Auth. v. Aetna Cas. & Sur. Co.*, 207 A.D.2d 389 (N.Y. App. Div., 2d Dep't 1994).

An insurer's duty to defend

> arises whenever the allegations in the complaint fall within the risk
> covered by the policy.  It therefore includes the defense of those actions
> in which alternative grounds are asserted, even if some are without the
> protection purchased.   Further, a policy protects against poorly or
> incompletely pleaded cases as well as those artfully drafted.  Thus the
> question is not whether the complaint can withstand a motion to dismiss
> for failure to state a cause of action.   Nor is the insured's ultimate
> liability a consideration.  If, liberally construed, the claim is within the
> embrace of the policy, the insurer must come forward to defend its
> insured no matter how groundless, false or baseless the suit may be.

*Ruder & Finn Inc. v. Seaboard Sur. Co.*, 52 N.Y.2d 663, 669–70 (N.Y. 1981); *see*

*Schwamb v. Fireman's Ins. Co. of Newark, NJ*, 41 N.Y.2d 947, 949 (N.Y. 1977) ("So

long as the claims, even though predicated on debatable or even untenable theory,

may rationally be said to fall within policy coverage, whatever may later prove to be

the limits of the insurer's responsibility to pay, there is no doubt that it is obligated

to defend.").

Axis's coverage here turns on Travelers's Blanket Additional Insured

(Contractors) endorsement.  It depends, therefore, on whether Filippone's injuries

were "caused by the acts or omissions of" Travelers's named insured, AWI, "in the

performance of [AWI's] work" pursuant to its subcontract with Axis, or, alternatively,

whether Axis's (or others') "independent acts or omissions" caused the harm.  *See* Axis

56.1 ¶ 19.   Courts applying New York law interpret this endorsement to trigger

coverage where the named insured's operations are alleged to have proximately

caused the bodily injury for which coverage is sought.  *Burlington Ins.*, 29 N.Y.3d at

324–25.  "If there is no reasonable possibility that the proximate cause of [Filippone's]

injury was [AWI]—*i.e.*, if the only reasonable possibility is that [Axis or others']

conduct caused the injury—[Travelers] would not be obligated to defend [Axis]." *See Charter Oak Fire Ins. Co. v. Zurich Am. Ins. Co.*, 462 F. Supp. 3d 317, 324 n.4 (S.D.N.Y. 2020).

Under these well-settled principles, Travelers unquestionably has a duty to defend Axis in the *Filippone* Action. Axis's verified third-party complaint against AWI asserts AWI's "carelessness, recklessness, and/or negligence . . . was the proximate cause" of Filippone's injuries. Third Party *Filippone* Compl. ¶¶ 15–26. Axis's verified Bill of Particulars elaborates: AWI, "by and through [its] agents, servants and/or employees caused and created the situation by placing the loose Masonite flooring panels down without securing them." Third-Party *Filippone* Bill of Particulars ¶¶ 3–4, Ex. 5 [DE 27-11] to Kraus Decl. Travelers thus faces a reasonable possibility that its named insured, AWI, faces liability—through Axis's third-party complaint[3]—for AWI's negligence in creating the condition that proximately caused Filippone's injuries.

Travelers emphasizes flooring work is "wholly divorced from any work performed AWI, the Millwork contractor." Trav. Opp. & Cross-Mot. at 8, 11. But it does not matter if Axis's theory may be untenable, baseless, or false; the duty to

---

[3]      Travelers denied Axis a defense given the absence of "evidence" that the loss "arose out of [AWI's] work" and the lack of "any finding of negligence against" AWI. Ex. 11 [DE 27-17] to Kraus Decl. New York courts, however, "refuse[] to permit insurers to look beyond the complaint's allegations to avoid their obligation to defend." *Fitzpatrick*, 78 N.Y.2d at 66. Such evidence and findings would therefore be inconsequential. "[T]he duty to defend exists if the complaint contains any facts or allegations which bring the claim even potentially within the protection purchased." *Id.* (internal quotation marks omitted).

defend still arises.  *See Ruder & Finn Inc.*, 52 N.Y.2d at 669–70.  "Even where there exist extrinsic facts suggesting that the claim may ultimately prove meritless or outside the policy's coverage, the insurer cannot avoid its commitment to provide a defense."  *Fitzpatrick*, 78 N.Y.2d at 66.  The duty to defend is so broad, in fact, that the *Live Nation Marketing, Inc. v. Greenwich Insurance Co.* Court held XL Specialty Insurance Company had to reimburse defense costs of an additional insured even though XL's named insured was already "determined" not to have "caused, in whole or in part, the plaintiff's bodily injury."  188 A.D.3d 422, 423 (N.Y. App. Div., 1st Dep't 2020).  The allegations in the underlying "complaint and the third-party complaint" sufficed to trigger XL's duty to defend.  *Id.*

Travelers contends Axis's "self-serving third-party complaint" is insufficient to trigger Travelers' duty to defend and confines its view of the relevant allegations to those pleaded in the *Filippone* first-party complaint.  Trav. Opp. & Cross-Mot. at 11–12.  Travelers's position is problematic for at least three reasons.

First, the underlying first-party complaint is a starting point to determine— not a basis to "narrow"—an insurer's defense duty.  *Fitzpatrick*, 78 N.Y.3d at 68.  The duty must comport with "the practical realities" of litigation; for example, insurers may not "ignor[e] true but unpleaded facts" that the "the drafter of the pleading may be unaware of."  *See id.* at 68.  The practical reality here is New York law *statutorily prohibits* Filippone from naming his employer, AWI (Travelers's named insured), as a negligent party liable for his injuries.  N.Y. Workers' Comp. Law § 11; *Weiner v. City of New York*, 19 N.Y.3d 852, 854 (N.Y. 2012) ("Workers' compensation benefits

are the sole and exclusive remedy of an employee against his employer for injuries in the course of employment" (internal quotation marks and alteration omitted)).  AWI thus could not face negligence liability as a first-party defendant in Filippone's personal injury lawsuit.  *See* Axis Opp. & Reply at 4 [DE 3-2]; *Filippone* AC ¶ 124 ("On the 19th of January 2017, [Filippone], while lawfully within and or upon the aforesaid premises, was performing his duties as an employee of [AWI].").  Travelers cannot acknowledge that its named insured employed the injured underlying plaintiff, Trav. 56.1 ¶ 5, and then confine its analysis of its duty to defend to the first-party complaint allegations; doing so ignores the realities of New York litigation practice.

Second, Travelers relies on *All State v. Mugavero* to say the Court should disregard allegations in Axis's third-party complaint as "legal conclusions."  Trav. Opp. & Cross-Mot. at 8, 12 (citing *Mugavero*, 79 N.Y.2d 153, 162–63 (N.Y. 1992)).  But predicates for any purported legal conclusions are factually detailed in Axis's Bill of Particulars.  Third-Party *Filippone* Bill of Particulars ¶¶ 3–4 (AWI "caused and created the situation by placing the loose Masonite flooring panels down without securing them.").  Corroborating factual support likewise exists in deposition testimony.  *See* SNIC Mem. at 3–6 [DE 29-2] (quoting Exs. 3–5 [DEs 29-5, -6, -7] to Aff. of Sherry N. Pavloff [DE 29]).  And, regardless, Travelers overreads *Mugavero*.  *Mugavero* concerned an insurer's duty to defend allegations of sodomy and sexual abuse of minors.  *Mugavero*, 79 N.Y.2d at 156–57, 162–63.  The underlying plaintiff brought two intentional-tort causes of action and one negligence cause of action.  *Id.*

Because the insured had no coverage for intentional acts, the insurer had no the duty to defend notwithstanding the asserted negligence liability. *Id.* The "intrinsically intentional acts of assault, sodomy and sexual abuse" belied the underlying plaintiff's "totally inconsistent assertion[s]" of negligence, which lacked "different or additional facts" suggesting negligent conduct. *Id.* The ignored "conclusory assertion[s]" were betrayed by contrary factual allegations in very same document, and there were no facts pled in the alternative. *Id.* There are no such contradictory allegations in the underlying pleadings here.

Third, the cases over which the parties spar are in harmony. In each, an employer's insurer had to defend an additional insured in an underlying personal injury action brought by an employee in which the additional insured's third-party complaint alleged the employer created the condition proximately causing the employee's injury. Where that third-party complaint did not allege the employer created the condition, however, the employer's insurer had no duty to defend the additional insured. The seven cases analyzed at length by the parties follow this maxim:

### 1.   *Ohio Security Insurance Co. v. Travelers Indemnity Co.*

Mena, an Airforce 1 Mechanical LLC employee, sued a construction manager, who impleaded TRV Mechanical Contractors LLC, who impleaded Airforce. 2021 WL 797670, at *1 (S.D.N.Y. Mar. 1, 2021). Mena's complaint never mentioned Airforce. *Id.* TRV's complaint did not assert Airforce created the tripping hazard that caused Mena's injuries. Instead, TRV asserted two breach of contract claims and negligence by virtue of Airforce's control and supervision of the premises. Second Third Party

Compl. ¶¶ 18, 23, 26, Docket Entry 37, *Mena v. Safdi Plaza Property LLC et al.*, Index No. 20631/2018E (Bronx Cnty. Apr. 19, 2018).  The Southern District of New York held Travelers, Airforce's insurer, had no duty to defend TRV.  There were no allegations concerning Airforce's "acts and omissions," and TRV hung Airforce's purported liability solely on Airforce's status as the employer of Mena.  2021 WL 797670, at *4–6.

### 2.   *Live Nation Marketing Inc. v. Greenwich Insurance Co*.

Perez, a Best Buy employee, sued Live Nation, who impleaded Best Buy, alleging Perez's injuries "were caused solely or in part by reason of the negligence and/or culpable conduct of Best Buy."  Third Party Compl. ¶ 34, Docket Entry 43, *Perez v. Beach Concerts Inc. et al.*, Index No. 158373/2013 (N.Y. Sup. Ct., N.Y. Cnty. Jan. 5, 2016).  The New York Appellate Division, First Department held XL, Best Buy's insurer, had a duty to defend Live Nation because the "third-party complaint" reflected a "reasonable possibility that the underlying injury was caused, in whole or in part, by Best Buy's acts or omissions."  *Live Nation Marketing Inc. v. Greenwich Ins. Co.*, 188 A.D.3d 422 (N.Y. App. Div., 1st Dep't 2020).

### 3.   *Charter Oak Fire Insurance Co. v. Zurich American Insurance Co.*

Bulnes, a Slade Industries, Inc. employee, sued ASB (the owner of an apartment building), who impleaded Slade, alleging Slade's "active negligent acts and conduct . . . caus[ed] and creat[ed] the alleged conditions" that harmed Bulnes.  Third Party Compl. ¶ 26, Docket Entry 9, *Bulnes v. ASB L3 72-76 Greene Street, LLC et al.*, Index No. 29412/2017E (N.Y. Sup. Ct., Bronx Cnty. Dec. 14, 2017).  The Southern

District of New York held Zurich, Slade's insurer, had a duty to defend ASB because "the underlying facts" suggested it was "reasonably possible that the bodily injuries Bulnes suffered were caused by Slade's acts or omissions." *Charter Oak Fire Ins. Co. v. Zurich Am. Ins. Co.*, 462 F. Supp. 3d 317, 325–26 (S.D.N.Y. 2020). Zurich insured ASB against "injuries caused as a result of[] Slade's negligence, regardless whether the underlying lawsuit named Slade or alleged that Slade was the proximate cause of the injury." *See id.*

*Charter Oak*'s holding aligns with the principle animating these cases. While the underlying third-party complaint in *Bulnes* was not in the record, its allegations came up at oral argument. Zurich took the same position that Travelers asserts here: "There is a third-party complaint, but that is a third-party complaint by [the additional insured]. So those allegations are only for their own benefit. So you can't really look to those." Tr. of Proceedings at 16:21–25, Docket Entry No. 25, *Charter Oak Fire Ins. Co. v. Zurich Am. Ins. Co.*, No. 19-cv-4212 (S.D.N.Y. Apr. 29, 2020)). In rebuttal, counsel for Charter Oak had the following exchange:

| | |
|---|---|
| THE COURT: | Do you have any insight – it's not in the record I know – for why the underlying plaintiff didn't sue Slade? |
| MS. REID: | Because of workers' compensation, your Honor. He's precluded from suing his employer is my understanding, a statutory bar. So that's the reason. |
| THE COURT: | I suppose that notion is also supportive of your view that one would have to apply the *Fitzpatrick* standard and look to the underlying facts. |
| MS. REID: | Correct, your Honor. Correct. |

*Id.* at 25:7–16; *Charter Oak Fire Ins. Co.*, 462 F. Supp. 3d at 326 ("As counsel explained at oral argument . . . ").

Given the colloquy, *Charter Oak* should not be read to say an insurer may ignore allegations in a third-party complaint.  Rather, as Charter Oak's counsel argued, the presence of a third-party complaint bolsters the insurer's need to look beyond the first-party complaint.   The *Charter Oak* Court held the alleged "underlying facts" presented to the insurer sufficed to trigger its defense duty.  Those "underlying facts" corroborated the third-party complaint's allegations – as is true here.

### 4.   *All State Interior Demolition Inc. v. Scottsdale Insurance Co.*

Mosley, a United Interior Renovations LLC employee, sued All State Interior Demolition Inc., who impleaded United, alleging United's "primary and active" negligent conduct caused Mosley's harm.  Third Party Compl. ¶ 12, Docket Entry 24, *Mosley v. 75 Plaza LLC et al.*, Index No. 162922/2019 (N.Y. Sup. Ct., N.Y. Cnty. Apr. 1, 2016).  The New York Appellate Division, First Department observed that, despite Mosley failing to name United a defendant, the underlying "pleadings implicate United's demolition actions."  *All State Interior Demolition Inc. v. Scottsdale Ins. Co.*, 168 A.D.3d 612 (N.Y. App. Div. 2019).  The court expressly held: "[T]he third-party complaint brought in the underlying action by plaintiffs herein [*i.e.*, All State] against United, incorporates the underlying complaint by reference, alleges that United was negligent, and seeks indemnification from United, and is therefore *sufficient* to trigger Scottsdale's obligation to defend All State."  *Id.* (emphasis added).

5.     *Indian Harbor Insurance Co. v. Alma Tower LLC*

Tomala-Campoverde, a S&S HVAC Corp. employee, sued Alma Tower LLC and Vordonia Contracting & Supplies Corp., each of whom impleaded S&S, alleging the employee's injuries "were caused by the negligence" of S&S "in the construction of the premises." Third Party Compl. ¶ 15, Docket Entry 7, *Tomala-Campoverde v. Trumbull Equities LLC et al.*, Index No. 702049/2012 (N.Y. Sup. Ct., Queens Cnty. Nov. 26, 2012); Third Party Compl. ¶ 13, Docket Entry 5, *Tomala-Campoverde v. Alma Tower, LLC et al.*, Index No. 703130/2012 (N.Y. Sup. Ct., Queens Cnty. Mar. 1, 2013). The New York Appellate Division, First Department had no trouble finding the third-party complaints gave Indian Harbor Insurance Company, S&S's insurer, "actual knowledge of facts establishing a reasonable possibility of coverage," therefore obliging it to defend Alma Tower and Vordonia in the underlying *Tomala-Campoverde* actions. *Indian Harbor Ins. Co. v. Alma Tower LLC*, 165 A.D.3d 549 (N.Y. App. Div., 1st Dep't 2018).

6.     *Pioneer Central School District v. Preferred Mutual Insurance Co.*

Ayers, a J&K Kleanerz, Inc. employee, sued Pioneer Middle School, who impleaded J&K Kleanerz, Inc.  *See* Third Party Compl., Docket Entry 6, *Ayers v. Pioneer Cent. Sch. Dist.*, Index No. 83191 (N.Y. Sup. Ct., Cattaraugus Cnty. June 23, 2015).  It was "undisputed" that (i) "Kleanerz was not responsible for the clearing ice and snow" and (ii) "Ayers's fall resulted from her slipping on the ice or snow." *Pioneer Cent. Sch. Dist. v. Preferred Mut. Ins. Co.*, 165 A.D.3d 1646 (N.Y. App. Div., 4th Dep't 2018).  The Appellate Division, Fourth Department noted that, as alleged, "Ayers's

injuries were not proximately caused by Kleanerz," the named insured.   *Id.*
Accordingly, Preferred Mutual Insurance Company, Kleanerz's insurer, had no duty
to defend.

> **7.** ***Hanover Insurance Co. v. Philadelphia Indemnity Insurance Co.***

Green, a Protection Plus Security Corporation ("PPSC") employee, sued
Manhattan School of Music, who impleaded PPSC, alleging PPSC "was negligent in
hiring and supervising Green." *Hanover Ins. Co. v. Phila. Indem. Ins. Co.*, 2015 WL
6920605, at *1 (N.Y. Sup. Ct., N.Y. Cnty. Oct. 30, 2015).   The trial court held
Philadelphia (PPSC's insurer) had a duty to defend, despite also noting "no acts or
omissions of [PPSC] are alleged to have caused the accident." *Id.*   The Appellate
Division, First Department reversed: if the harm was "not the result of the named
insured's [*i.e.*, PPSC's] negligence or some other act or omission," then Philadelphia
had no duty to defend Manhattan School of Music as an additional insured.  *Hanover
Ins. Co. v. Phila. Indem. Ins. Co.*, 159 A.D.3d 587 (N.Y. App. Div., 1st Dep't 2018).

In all seven of these cases, the employer's insurer's duty to defend dovetailed
with the third-party complaint's allegations – an insurer may not legitimately ignore
them in determining its obligation to defend.   Travelers therefore owes Axis a duty to
defend in the *Filippone* Action.

## II.    Priority of Coverage

SNIC currently defends Axis in the *Filippone* Action.  *See* Axis Mem. at 1 n.1;
Trav. Opp. & Cross-Mot. at 13; SNIC Opp. at 19.  Travelers contends, even if its policy
affords coverage to Axis, Travelers has no duty to defend because such coverage is
excess over the "other insurance" provided to Axis by SNIC.  Trav. Opp. & Cross-Mot.

at 13–15.  Indeed, Travelers has "no duty . . . to defend" an additional insured when the policy is excess and "any other insurer has a duty to defend the insured against that suit."  Trav. 56.1 ¶ 31.

"In insurance contracts the term 'other insurance' describes a situation where two or more insurance policies cover the same risk in the name of, or for the benefit of, the same person."  *Great N. Ins. Co. v. Mount Vernon Fire Ins. Co.*, 92 N.Y.2d 682, 686–87 (N.Y. 1999) (Wesley, J.).  In such circumstances, the "two or more primary insurers will be held to be coinsurers."  *Pennsylvania Mfrs. Ass'n Ins. Co. v. Liberty Mut. Ins. Co.*, 39 A.D.3d 1161, 1161 (N.Y. App. Div., 4th Dep't 2007).  But simply because "two policies provide[] coverage for the same insured" does not mean the policies "insure the same risk."  *Id.* at 1162.  Policies insuring different risks are not "other insurance" with respect to each other.  *See id.*

The Travelers Policy does not insure against the same risk as the SNIC Policy. Travelers's Policy includes Axis as an additional insured with respect to injuries caused by Travelers's named insured, AWI.  *See* Axis 56.1 ¶ 19.  SNIC's Policy includes Axis as an additional insured with respect to injuries caused by SNIC's named insured, ABC.  *See* Trav. 56.1 ¶ 33.  New York Courts have observed that in these instances—where a general contractor is an additional insured under each of its subcontractor's policies only with respect to injuries caused by that subcontractor—the policies insure different risks.  Held the *HRH Construction Corporation v. Commercial Underwriters Insurance Company* Court:

> The carriers insured HRH as to the risks associated with two separate
> subcontractors' individual work at the job site.  Each insurer afforded

> coverage to HRH only for claims arising out of work performed by that
> carrier's primary named insured.  Thus, the claims herein do not involve
> a coinsurance situation.

11 A.D.3d 321, 323 (N.Y. App. Div., 1st Dep't 2004); *Pennsylvania Mfrs. Ass'n Ins.
Co.*, 39 A.D.3d at 1161–62 (policy providing coverage for "bodily injury was caused by
Textar's painting operations" insures a risk different from coverage for "bodily injury
was caused by KTA–Tator's inspecting operations").  Accordingly, resort to the "other
insurance" doctrine is inappropriate; Travelers's coverage is not excess; and
Travelers's duty to defend endures.

## CONCLUSION

For the reasons discussed above, Axis's motion for summary judgment is
granted and Travelers's motion is denied.  Travelers owes a duty to defend Axis in
the underlying *Filippone* Action.

**SO ORDERED.**

Dated: Central Islip, New York                s/ Denis R. Hurley
     September 1, 2021                Denis R. Hurley
                                    United States District Judge